IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN HOELZLE**, <br><br> Plaintiff, <br><br> *v.* <br><br> **VENSURE EMPLOYER SERVICES, INC., et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 2:20-cv-00473-KSM** |

## ORDER

**AND NOW**, this 18th day of February, 2022, upon consideration of Defendants' Motion for Partial Summary Judgment (Doc. No. 29) and Plaintiff's Cross-Motion for Partial Summary Judgment (Doc. No. 34) and following oral argument on February 16, 2022, it is **ORDERED** as follows:

1. As to Count I, breach of contract, Defendants' motion is **GRANTED** as against Defendant Vensure Employer Services, Inc. ("Vensure") and **DENIED** as against Defendant EmployeeMax Acquisition, LLC ("EmployeeMax"). Plaintiff's motion is **GRANTED** as to Defendant EmployeeMax, and **FINAL JUDGMENT** in the amount of **Thirty-Eight Thousand Nine Hundred Ninety-Eight Dollars and Twenty-Six Cents ($38,998.26)** shall be entered against Defendant EmployeeMax and in favor of Plaintiff Brian Hoelzle, subject to continued interest at 10 percent per annum.

2. As to Count II, unjust enrichment, Defendants' motion is **DENIED** as moot, and Plaintiff's motion is **DENIED** as moot.

3. As to Count III, the Pennsylvania Wage Payment and Collection Law, Defendants' motion is **GRANTED** as against Defendant Vensure and **DENIED** as against Defendant EmployeeMax. Plaintiff's motion is **GRANTED** as against Defendant EmployeeMax; however, Plaintiff's motion is **DENIED** as to liquidated damages and **DENIED** without prejudice to file a motion for attorneys' fees as to attorneys' fees. Plaintiff **SHALL** file a motion for attorneys' fees within **thirty days** of the entry of this Order.

4. As to Count IV, wrongful termination, Defendants' motion is **GRANTED**.

5. As to Count V, breach of contract, Defendants' motion is **GRANTED**, and Plaintiff's motion is **DENIED**.

6. As to Count VI, promissory estoppel, Defendants' motion is **GRANTED**.

7. As to Counterclaim Count I, tortious interference with contractual relations, Plaintiff's motion is **GRANTED**.

8. As to Counterclaim Count II, tortious interference with prospective contractual relations, Plaintiff's motion is **GRANTED**.

9. As to Counterclaim Count III, commercial disparagement, Plaintiff's motion is **GRANTED**.

10. As to Counterclaim Count IV, defamation, Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.