### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN HOELZLE**, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **NO. 2:20-cv-00473-KSM** |
| **VENSURE EMPLOYER SERVICES, INC., et al.**, | |
| Defendants. | |

### MEMORANDUM

**MARSTON, J.**                                                                                                                **August 22, 2022**

Plaintiff Brian Hoelzle brought a litany of claims against his former employer, Defendant EmployeeMax Acquisition, LLC ("EmployeeMax") and its parent, Vensure Employer Services, Inc. ("Vensure" and, together with EmployeeMax, "Defendants"). (Doc. No. 1.) Among other things, Mr. Hoelzle claimed he was not paid for commissions, accrued time, and business expense reimbursements he was due. (*Id.*) Both parties moved for summary judgment. (Docs. No. 29, 34.) The Court granted Mr. Hoelzle's motion in part, finding that EmployeeMax breached his employment contract and violated the Pennsylvania Wage Payment and Collection Law ("WPCL") by failing to pay Mr. Hoelzle commission payments to which he was entitled under the terms of his employment contract. (Doc. No. 40.) The Court entered judgment in Mr. Hoelzle's favor in the amount of $38,998.26. (Doc. No. 41.)

The WPCL is a fee-shifting statute, so the Court may award reasonable attorneys' fees to Mr. Hoelzle as a prevailing plaintiff. *See* 43 Pa. Cons. Stat. § 260.9a; *see also Ambrose v. Citizens Nat'l Bank of Evans City*, 5 A.3d 413, 418–19 (Pa. Super. Ct. 2010).

Presently before the Court is Mr. Hoelzle's Motion for Attorneys' Fees and Costs, in which he seeks $46,597.50 in fees and costs. (Doc. No. 46.) EmployeeMax opposes the motion and contends Mr. Hoelzle is entitled only to $11,559.40. (Doc. No. 49.) For the reasons below, Mr. Hoelzle's motion is granted in part, and the Court awards him $29,079.50 in attorneys' fees.

**I.     BACKGROUND**

*A.     Procedural History*

On December 3, 2019, Mr. Hoelzle initiated this lawsuit, claiming he was employed by and wrongfully terminated from EmployeeMax. (Doc. No. 1.) Mr. Hoelzle brought six claims arising out of his alleged employment relationship with EmployeeMax:

- Count I:       Breach of Contract (employment contract)
- Count II:      Unjust Enrichment
- Count III:     WPCL
- Count IV:     Wrongful Termination
- Count V:      Breach of Contract (indemnification)
- Count VI:     Promissory Estoppel

(*Id.*) The breach of contract (employment contract), unjust enrichment, and WPCL claims (Counts I–III) all arose from Defendants' failure to pay Mr. Hoelzle commissions earned, vacation, sick, and personal time accrued, and businesses expenses incurred. (*Id.*) The wrongful termination claim (Count IV) related to Mr. Hoelzle's belief that he was terminated for reporting Vik Jain, an associate of Vensure and EmployeeMax executives, to the FBI. (*Id.*) And the breach of contract (indemnification) and promissory estoppel claims (Counts V–VI) arose from Defendants' refusal to indemnify Mr. Hoelzle in a separate action. (*Id.*)

Defendants answered Mr. Hoelzle's Complaint and brought four counterclaims, alleging

2

Mr. Hoelzle committed the following business torts on his departure from EmployeeMax:

- Counterclaim Count I:     Tortious Interference with Contractual Relations
- Counterclaim Count II:    Tortious Interference with Prospective Contractual Relations
- Counterclaim Count III:   Commercial Disparagement
- Counterclaim Count IV:    Defamation

(Doc. No. 3.) All four counterclaims arose out of Mr. Hoelzle's alleged post-termination contacts with then-current and potential EmployeeMax clients, which Defendants claimed caused customers to terminate their relationship with EmployeeMax. (*Id.*)

Following discovery, both parties moved for summary judgment. Mr. Hoelzle moved for summary judgment on the breach of contract (employment contract), unjust enrichment, WPCL, and breach of contract (indemnification) claims (Counts I–III, V) and on all four counterclaims (Counterclaim Counts I–IV). (Doc. No. 34.) Defendants moved for summary judgment on all six of Hoelzle's claims (Counts I–VI). (Doc. No. 29.)

The Court granted Mr. Hoelzle's motion as to the breach of contract (employment contract) and WPCL claims (Counts I, III) in part. The Court found that EmployeeMax was obligated to pay Mr. Hoelzle commissions on sales made but failed to pay him $38,998.26 in commissions he had earned.[1] (Doc. No. 40 at 18–19, 22.) We also found that Mr. Hoelzle failed to establish that he was entitled to vacation, sick, and personal days accrued and business expenses incurred, so we granted Defendants' motion for summary judgment as to those portions

---

[1] Although we found EmployeeMax was bound by Mr. Hoelzle's employment contract, we found that its parent, Vensure, was not, as Vensure was not a party to the contract and was not liable under either a theory of successor liability or alter ego. (Doc. No. 40 at 9–11.)

of the breach of contract (employment contract) and WPCL claims.  (*Id.*)  Because Mr. Hoelzle prevailed on the breach of contract (employment contract) claim, the Court did not consider the unjust enrichment claim (Count II), which arose out of the same set of facts and which Mr. Hoelzle brought as an alternative theory of liability.  (*Id.* at 19 ("Because we determined that EmployeeMax is liable for Hoelzle's employment contract under at theory of successor liability, we need not consider the unjust enrichment claim, and Hoelzle's and Defendants' motions for summary judgment on Count II are denied as moot.").)

As to the wrongful termination, breach of contract (indemnification), and promissory estoppel claims (Counts IV–VI), the Court granted Defendants' motion for summary judgment.  (*Id.* at 22–29.)  We found that Mr. Hoelzle was not wrongfully terminated for reporting his former boss's alleged criminal activity because (i) he was not legally required to report his former boss's conduct and (ii) he did not establish a causal connection between his report to the FBI and his eventual termination.  (*Id.* at 23.)  We found that Mr. Hoelzle's breach of contract (indemnification) and promissory estoppel claims (Counts V–VI) failed, as he did not establish that anyone was ever required to (or had ever promised to) indemnify him in his capacity as an EmployeeMax executive.  (*Id.* at 24–29.)

Last, as to the counterclaims, the Court granted Hoelzle's motion for summary judgment.  (*Id.* at 29–35.)  The Court found there was no evidence Defendants suffered any damage as a result of Mr. Hoelzle's alleged post-termination communication with Defendants' clients, so they could not establish the business torts counterclaimed.  (*Id.*)

The Court entered judgment in Mr. Hoelzle's favor in the amount of $38,998.26, representing the commissions he was owed but not paid. (Doc. No. 41 at 1.)  The Court also permitted Mr. Hoelzle leave to file a motion for attorneys' fees.  (*Id.* at 2.)

### B.     Mr. Hoelzle's Motion for Attorneys' Fees and Costs

Mr. Hoelzle filed a motion for attorneys' fees and costs on March 17, 2022.  (Doc. No. 46.)  He requests $46,597.50 in fees and costs, representing $33,962.50 in fees from Lindsey Hoelzle of Hoelzle Law LLC and $12,635.00 in fees from Melissa Bozeman and Kasey Cappellano of Kutak Rock LLP.  (*Id.* at 1–2.)

Hoelzle Law has represented Mr. Hoelzle in this action since the summary judgment stage.[2]  (*Id.* at 1.)  Mrs. Hoelzle is the only attorney who worked on the matter.  (*Id.*)  She billed 71.5 hours at an hourly rate of $475, accruing a total of $33,962.50 in fees.  (*Id.*)  Kutak Rock represented Mr. Hoelzle in a related action in the Montgomery County Court of Common Pleas.  (*Id.* at 1.)  As part of that representation, they researched and prepared correspondence regarding Hoelzle's employment contract-related claims (including his WPCL claim).  (*Id.*)  Kutak Rock billed a total of 50.60 hours in connection with that representation, and Hoelzle suggests 36.1 of those hours were spent on tasks related to this action.  (*Id.* at 2.)  Both Ms. Bozeman and Ms. Cappellano charged an hourly rate of $350, yielding the $12,635.00 requested.  (*Id.*)

Mr. Hoelzle contends he is entitled to full payment of the fees incurred in connection with this action because "[t]he WPCL does not render attorneys' fees contingent on the degree of success."  (Doc. No. 46 at 2.)

EmployeeMax argues the Court should award only $11,559.40 in fees.  (Doc. No. 49.)  EmployeeMax contends the requested fees are inflated because they include time spent on other claims unrelated to the WPCL claim and on which plaintiff was not successful.[3]  (*Id.* at 5.)  In

---

[2] At the onset of this lawsuit, Mr. Hoelzle was represented by attorneys from Weisberg Law.  The Court permitted them to withdraw from representing Mr. Hoelzle (Doc. No. 23), and Mrs. Hoelzle began representing Mr. Hoelzle approximately one week before dispositive motions were due (Doc. No. 25).

[3] EmployeeMax does not take issue with Mrs. Hoelzle's, Ms. Bozeman's, or Ms. Capellano's

arriving at the suggested $11,559.40 fee award, EmployeeMax divided the time entries into the following three categories:

| Category | Total Fees |
|---|---|
| Entries that "appear[] to have no relation to [the] WPCL claim" | $7,135.00 |
| Entries that "appear to be solely related to [the] WPCL claim" | $2,240.00 |
| Entries that "appear to relate to all . . . of Plaintiff's claims" | $46,597.00 |

(*Id.*)  Then, EmployeeMax divided the General Entries by five "based on the fact the WPCL claim was one (1) of five (5) claims asserted by Plaintiff" to reach $9,319.40.  (*Id.*)  Combined together, the $2,240.00 in entries related to the WPCL claim and the $9,319.40 representing one-fifth of the entries that related to Mr. Hoelzle's claims generally yields what EmployeeMax claims is a "just allocation" of $11,559.40.

## II.   ANALYSIS

### A.   *Legal Standard*

"The Court in any action brought under [the WPCL] shall in addition to any judgment awarded to the plaintiff . . . , allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."  43 Pa. Stat. Ann. § 260.9a(f).  Pennsylvania courts have recognized that this fee-shifting provision "goes to the very 'essence' of [the WPCL's] goal of making an employee

---

hourly rates, and the Court agrees that their rates are reasonable.  Each attorney's hourly rate is roughly in line with the rates called for in the Community Legal Services ("CLS") fee schedule for attorneys with their level experience, and the CLS Fee Schedule "has been approvingly cited by the Third Circuit as being well developed and has been found by the Eastern District of Pennsylvania to be a fair reflection of the prevailing market rates in Philadelphia."  *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (internal quotation omitted).

EmployeeMax has also not disputed the number of hours billed to this matter, and the Court finds the hours billed to this matter reasonable.

whole again." *See Oberneder v. Link Comp. Corp*, 674 A.2d 720, 722 (Pa. Super. Ct. 1996). To that end, courts have interpreted the WPCL's fee-shifting provision "to provide for the mandatory payment of attorneys' fees related to the WPCL claim, as well as the fees from any other claims . . . that flow from a common set of facts." *Wu v. Arouh*, CIVIL ACTION NO. 14-cv-03902, 2016 WL 3165599, at *1 (E.D. Pa. June 7, 2016). Courts have also extended the fee-shifting provision to cover fees incurred in defending against counterclaims a WPCL claimant successfully defends." *See Ambrose*, 5 A.3d at 421 ("[T]o the extent that WPCL claimants overcome an employer's counterclaims, the statute supports an award of attorneys' fees regardless of the nature of those counterclaims.").

### B. *Discussion*

As detailed below, the Court has undertaken a multi-step process to calculate the attorneys' fees to which Mr. Hoelzle is entitled under the WPCL.

#### 1. Identifying Covered Claims

Because time expended on the WPCL claim and related claims should be included in the fee award and time expended on other claims and unsuccessful claims should not, the Court must first determine the claims for which Mr. Hoelzle can recoup attorneys' fees. As noted above, the WPCL's fee-shifting provision has been interpreted broadly, and successful plaintiffs are entitled to attorneys' fees attributable to work on their WPCL claim, all other claims that "flow from a common set of facts," and all counterclaims. *See Wu*, 2016 WL 3165599, at *1; *Ambrose*, 5 A.3d at 421. Claims "flow from a common set of facts" as a WPCL claim where the claims and the WPCL claim are "sufficiently factually intertwined." *See Wu*, 2016 WL 3165599, at *2. For instance, where a plaintiff brings a claim under the WPCL for unpaid wages and also brings a breach of contract claim alleging that her employer's failure to timely pay wages violated her

employment contract, the breach of contract claim would be related to the WPCL claim. *See id.* ("Dr. Wu's WPCL claim . . . and her breach of contract claim . . . are sufficiently factually intertwined that work related to either claim should be covered by the fee award.").

Here, Mr. Hoelzle's breach of contract (employment contract) and unjust enrichment claims (Counts I and II) are related to his WPCL claim. All three claims arose out of EmployeeMax's failure to pay wages in the form of commissions, leave days, and business expense reimbursements. These claims are interrelated and merely represent alternate theories Mr. Hoelzle pursued to recover the wages to which Mr. Hoelzle felt entitled.[4] These are the quintessential types of claims that relate to a WPCL claim, and all time billed in connection with these claims will be included in the fee award. *See Wu*, 2016 WL 3165599, at *2.

Mr. Hoelzle's remaining three claims are not related to his WPCL claim. The wrongful termination claim (Count IV) related to Hoelzle's belief that he was terminated from EmployeeMax for reporting Vik Jain, an associate of executives at Vensure and EmployeeMax, to the FBI, and the breach of contract (indemnification) and promissory estoppel claims (Counts V–VI) arose from Defendants' refusal to indemnify Mr. Hoelzle in a separate action. Neither claim has anything to do with Mr. Hoelzle's attempts to recover unpaid wages, so they are not related to his WPCL claim, and he cannot recover attorneys' fees for work on those claims. *See, e.g.*, *Elliot v. US Inspect Grp., Inc.*, CIVIL ACTION NO. 19-3319, 2020 WL 2933676, at *3

---

[4] At summary judgment, the Court found that EmployeeMax breached Mr. Hoelzle's employment contract by failing to pay him commissions to which he was entitled. (Doc. No. 40 at 18–19.) Accordingly, we did not consider the unjust enrichment claim, which he brought in the alternative to the unjust enrichment claim. (*Id.* at 19.) Although we denied the unjust enrichment claims as moot, Mr. Hoelzle was successful on the claim, as he successfully recouped the wages to which he was entitled through another avenue, and work expended on the unjust enrichment claim should be factored into the fee award.

(E.D. Pa. June 3, 2020) (declining to factor in time spent working on unrelated defamation claim in determining the appropriate fee award in WPCL case); *Blagrave v. Nutrition Mgmt. Servs. Co.*, Civil Action No. 05–6790, 2009 WL 440299, at *3 (E.D. Pa. Feb. 20, 2009) ("Blagrave's [Sarbanes-Oxley Act] and WPCL claims were not interrelated, did not derive from a common core of facts, and were not based on related legal theories. . . . Accordingly, we will not award attorneys' fees to Blagrave for hours spent prosecuting his claim for unlawful retaliation under [the Sarbanes-Oxley Act].").

Additionally, time billed in connection with defending against the counterclaims must be included in the fee award. The Superior Court of Pennsylvania has made clear that the WPCL's fee-shifting provision covers *all* counterclaims, not just those arising out of a common set of facts as the WPCL claim. *See Ambrose*, 5 A.3d at 421; *see also Reilly v. Phila. Elec. Equip. Co, Inc.*, No. 2276 EDA 2015, 2016 WL 5072498, at *6 (Pa. Super. Ct. July 13, 2016) ("To the extent that WPCL claimants overcome an employer's counterclaims, the statute supports an award of attorneys' fees regardless of the nature of those counterclaims."). EmployeeMax brought four counterclaims for various business torts, all of which Mr. Hoelzle successfully overcame. (*See* Doc. No. 40 at 29–35.) Accordingly, the fee award will account for time spent defending against those counterclaims.

In sum, Mr. Hoelzle is entitled to recover attorneys' fees for all time expended in connection with the breach of contract (employment contract), unjust enrichment, and WPCL claims (Counts I–III) and all of Defendants' counterclaims (Counterclaim Counts I–IV).

### 2. Categorizing Time Entries

Having identified the categories of claims and counterclaims to be included in the fee award, the Court must next sort the time entries into three categories based on their relation to

time worked on those claims and counterclaims. Here, time entries are grouped into three categories: (i) "Related Entries," or entries that appear to relate solely to time expended on the WPCL claim, related claims, and counterclaims; (ii) "Unrelated Entries," or entries that clearly do not relate to WPCL or related claims; and (iii) "General Entries," or entries that relate to Mr. Hoelzle's prosecution of this lawsuit generally, but do not specifically clarify whether they relate to the WPCL or related claims or to claims unrelated to the WPCL.

The chart below details the total time and fees attributable to each category:

| Category | Hours Billed | Total Fees |
| --- | --- | --- |
| Related Entries | 7.7 | $2,857.50 |
| Unrelated Entries | 32.3 | $11,355.00 |
| General Entries | 82.1 | $37,460.00 |

For an entry-by-entry breakdown of the Court's categorization, see Appendix A to this Memorandum.[5]

### 3. Allocating Time Spent on Included Claims in the General Entries

As discussed above, Mr. Hoelzle is entitled to attorneys' fees only on the WPCL claim, related claims, and counterclaims. *See supra* Section II.B.1. But the General Entries are just that, general—they do not specify how much time the attorney spent on tasks related to specific claims, and they could be interpreted as accounting for time spent on the WPCL claim and on other, unrelated claims. For instance, where an attorney billed time for "drafting opposition to Defendants' summary judgment motion," the Court cannot parse out what portion of that time

---

[5] The Court's categorization of entries is largely similar—but not identical—to EmployeeMax's categorization of entries. (*Compare* Appendix A *with* Doc. No. 49-1.)

was spent on the WPCL claim, related claims, and counterclaims and what portion of that time was spent on unrelated sections.

Because the Court cannot pinpoint the amount of time spent on each claim specifically, we must approximate the amount of time billed in the General Entries attributable to the claims on which Mr. Hoelzle is entitled to receive attorneys' fees. To do so, we will award Mr. Hoelzle 70% of the fees billed in the General Entries, as work done in connection with seven of the ten claims (or 70% of the claims) is covered by the WPCL's fee-shifting provision. *See Elliot*, 2020 WL 2933676, at *3 (dividing the hours billed drafting the complaint by two where the complaint included two claims: a WPCL claim and an unrelated defamation claim).[6]

The Court identified $37,460.00 in fees attributable to General Entries and will award 70% of those fees, or $26,222.00.

\*   \*   \*

Combining the fees attributable to all related entries and 70% of the general entries, the Court awards Mr. Hoelzle $29,079.50 in attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, Mr. Hoelzle's motion is granted in part. An appropriate Order follows.

---

[6] This is similar to EmployeeMax's proposed approach of dividing the "time entries that appear to relate to all five (5) of Plaintiff's claims by five (5)." (Doc. No. 49 at 5.) But EmployeeMax's approach is flawed for several reasons. First, there are not five claims, there are six. EmployeeMax incorrectly grouped the breach of contract claims, but they are separate and distinct—one is for breach of Mr. Hoelzle's employment contract and the other is for breach of an alleged agreement to indemnify. Second, EmployeeMax failed to account for the counterclaims. And finally, as discussed above, *see supra* Section II.B.1, Mr. Hoelzle was successful on and is entitled to recoup attorneys' fees for seven of the ten claims: the WPCL claim, the two related claims, and the four counterclaims.

# APPENDIX A

*Hoelzle v. Vensure*, No. 20-cv-0473
Motion for Attorneys' Fees
The Court's Categorization of Time Entries

| Date | Narrative | Time | Rate | Classification |
|---|---|---|---|---|
| *Hoelzle Law LLP* | | | | |
| 03/08/2022 | Prepare motion for attorneys' fees | 1.30 | $475 | Related |
| 02/25/2022 | Review, correspond re: notice of appeal[7] | 0.40 | $475 | Unrelated |
| 02/18/2022 | Review, correspond re: Court's order | 0.80 | $475 | General |
| 02/16/2022 | Oral argument | 3.50 | $475 | General |
| 02/15/2022 | Oral argument preparation | 4.30 | $475 | General |
| 02/14/2022 | Oral argument preparation | 1.50 | $475 | General |
| 02/13/2022 | Oral argument preparation | 1.80 | $475 | General |
| 02/08/2022 | Oral argument preparation | 1.50 | $475 | General |
| 02/03/2022 | Oral argument preparation | 0.10 | $475 | General |
| 12/10/2020 | Review scheduling order | 0.20 | $475 | General |
| 12/04/2020 | Review summary judgment response | 1.00 | $475 | General |
| 11/20/2020 | Prepare motion for summary judgment | 8.40 | $475 | General |
| 11/19/2020 | Prepare motion for summary judgment | 7.30 | $475 | General |
| 11/17/2020 | Prepare motion for summary judgment | 10.50 | $475 | General |
| 11/2162020 | Prepare motion for summary judgment | 12.10 | $475 | General |
| 11/15/2020 | Prepare motion for summary judgment | 12.80 | $475 | General |
| 11/12/2020 | Settlement conference | 1.50 | $475 | General |
| 11/11/2020 | Correspond re: settlement | 0.50 | $475 | General |
| 11/05/2020 | Pre-trial conference | 0.50 | $475 | General |

---

[7] This matter is currently on appeal before the U.S. Court of Appeals for the Third Circuit. Should Mr. Hoelzle prevail on appeal, he may file a motion to recoup fees and costs incurred in connection with the appeal. Only at that point will the Court consider whether to award any fees incurred in connection with the appeal, including appeal-related fees incurred prior to the filing of this motion.

| Date | Narrative | Time | Rate | Classification |
|---|---|---|---|---|
| 11/04/2020 | Review, correspond re: Defendants' motion for summary judgment | 1.50 | $475 | General |
| *Kutak Rock LLP* | | | | |
| 03/01/2019 | Correspond re: employee handbook | 1.00 | $350 | Related |
| 03/06/2019 | Correspond re: demand for compensation | 0.10 | $350 | Related |
| 03/10/2019 | Review documentation provided by Mr. Hoelzle | 0.70 | $350 | Related |
| 03/14/2019 | Research successor liability | 2.90 | $350 | Related |
| 03/15/2019 | Research, draft analysis of various claims, including claims for breach of contract and claims "under state wage payment act" | 4.80 | $350 | General |
| 03/21/2019 | Review Vensure document production | 3.50 | $350 | General |
| 03/26/2019 | Review settlement demand letter in Montgomery County case | 0.50 | $350 | Unrelated |
| 03/27/2019 | Review settlement demand letter in Montgomery County case; research re: criminal liability for tax fraud | 3.50 | $350 | Unrelated |
| 03/27/2019 | Research re: whistleblower claim | 5.40 | $350 | Unrelated |
| 03/28/2019 | Correspond re: settlement demand letter in Montgomery County case; research re: whistleblower claim | 0.80 | $350 | Unrelated |
| 03/29/2019 | Correspond re: settlement demand letter in Montgomery County case; research re: whistleblower claim | 1.60 | $350 | Unrelated |
| 04/02/2019 | Research re: successor liability | 1.70 | $350 | Related |
| 04/09/2019 | Teleconference with Mr. Hoelzle | 1.50 | $350 | General |
| 04/09/2019 | Teleconference re: threat of lawsuit from Vensure | 0.60 | $350 | Unrelated |
| 04/10/2019 | Finalize appeal letter | 0.80 | $350 | General |
| 04/10/2019 | Draft notice of appeal of disposition of grievance | 1.00 | $350 | General |
| 04/22/2019 | Prepare motion for summary judgment in Montgomery County case | 4.00 | $350 | Unrelated |
| 04/29/2019 | Prepare motion for summary judgment in Montgomery County case | 8.00 | $350 | Unrelated |

2

| Date | Narrative | Time | Rate | Classification |
|---|---|---|---|---|
| 04/30/2019 | Prepare motion for summary judgment in Montgomery County case | 7.50 | $350 | Unrelated |
| 04/30/2019 | Draft grievance letter | 0.70 | $350 | General |